UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| WILLIAM THOMAS FORLANDER | ) | CIVIL ACTION NO: 07cv1135 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE HAIK |
| | ) | |
| | ) | |
| United States of America | ) | MAGISTRATE JUDGE HILL |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### I. Introduction

This memorandum is submitted in support of the Motion to Dismiss filed pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure filed herewith.  For the reasons set forth below, the Complaint for Declaratory Judgment and Motion for Preliminary and Permanent Injunction should be dismissed under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

### II. Background

On November 19, 2002, the plaintiff, William Thomas Forlander ("Mr. Forlander"), entered a plea of guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  On April 16, 2003, this Court sentenced Mr. Forlander.  (See Exhibit A, Judgment in Criminal Case).  The Court imposed the following sentence in addition to certain monetary assessments and penalties not indicated below:

(1) a total term of imprisonment of twenty-seven (27) months;

(2) upon release from imprisonment, a term of three (3) years of supervised release;

(3) certain mandatory and standard conditions of supervision; and the following special conditions of supervision:

**(1) . . . the defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for supervision and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.**

(2) . . . mental health treatment . . .

**(3) The defendant is to comply with any local and state notification registration requirements which might apply to him.**

(4) The defendant shall pay the cost of supervision. . .

(See Exhibit "A", pp. 3-4 (emphasis supplied)).[1]

On June 16, 2003, Mr. Forlander began serving the twenty-seven month term of imprisonment.  (See United States v. William Thomas Forlander, Jr., 02cr60045, docket entry # 28).

On January 6, 2005, Mr. Forlander filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.  (*Ibid.*, docket entry # 30).[2]  On February 2, 2006, this Court denied the § 2255 motion. (*Ibid.*, docket entry # 38).  Mr. Forlander  appealed and on January 29, 2007, the Fifth Circuit affirmed the district court's ruling.  (*Ibid.*, docket entry # 51).

On May 27, 2005, Mr. Forlander's three-year term of supervised release commenced.  In July 2006, Congress enacted the Adam Walsh Act ("the Act"), 42 U.S.C. § 16913.  On July 28, 2006, Mr. Forlander filed a Motion for Early Termination of Probation.  (*Ibid.*, docket entry # 50).  This motion is pending before this Court, and the Court has not requested the Government to respond to the

---

[1] A court may take judicial notice of related proceedings and records in cases before the same court.  *Santibanez v. Wier McMahon and Co.,* 105 F.3d 234 (5th Cir. 1997); *MacMillan Bloedel, Ltd. v. Flintkote Co*., 760 F.2d  580, 587 (5th Cir.1985); see also, Fed. R. Evid. 201(b).

[2] In the § 2255 motion, Mr. Forlander challenged his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004).  At the time the § 2255 motion was filed, the Supreme Court had granted writs in *United States v. Booker* but had not yet issued its decision.  See *United States v. Booker,* 543 U.S. 220 (2005).

motion.  This motion essentially seeks early termination of the plaintiff's term of supervised release on the basis that Mr. Forlander's business requires him to travel often, the requirement that he obtain approval from his probation officer to travel outside of the court's jurisdiction is too burdensome and Mr. Forlander's conduct during imprisonment and since release warrants early termination of supervised release.  Mr. Forlander  asserts in said motion that the Court is vested with discretion to terminate the plaintiff's term of supervised release early under 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1(b) and that he warrants a favorable exercise of discretion.

### III.  Instant Action and Relief Sought

In the instant action, Mr. Forlander  alleges that since the enactment of the Adam Walsh Act, the United States Probation Office (the "USPO") has required him to register as a sex offender in many of the cities in which he travels.  (See, Complaint, p. 5, ¶ 19).  He argues that the registration requirements of the Act do not apply to him as the Act requires only persons who reside, are employed or who are students to register in the relevant jurisdictions and his short-term visits to conduct business to various jurisdictions do not provide a sufficient basis to make the registration requirements applicable to him.  Mr. Forlander seeks a declaratory judgment and an injunction "prohibiting the [USPO] from requiring him to register in jurisdictions where he makes short-term business visits and in any jurisdiction in which he is not an employee, student, or residing."  (See Memorandum in Support of Motion for Preliminary Injunction and . . ., pp. 6-7).

For the reasons set forth below, the United States seeks dismissal of  this lawsuit under Federal Rule of Civil Procedure 12(b)(1) and (6) due to the court's lack of jurisdiction to grant the relief requested by the plaintiff and also, due to Mr. Forlander's failure to state a cognizable claim upon which relief may be granted.

## IV.  <u>Law and Analysis</u>

**A.      Fed. R. Civ. P. 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court is authorized to dismiss an action for lack of subject matter jurisdiction. In pertinent part, Rule 12(b) provides:  "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter."

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900 (5th Cir. 1997), citing, *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).  Thus, when presented with a motion to dismiss under Rule 12(b)(1), the court may consider evidence presented beyond the pleadings including affidavits and exhibits submitted by the defendant.  See *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).

In the instant case, the United States asserts that this court is without subject matter jurisdiction over Mr. Forlander's instant claim to the extent that it seeks a modification of his criminal sentence.

**B.      Fed. R. Civ. P. 12(b)(6) Failure to State A Claim Upon Which Relief May Be Granted**

This action should be dismissed under Fed. R. Civ. P. 12(b)(6) due to Mr. Forlander's failure to state a claim upon which relief may be granted.  It is well settled that a claim may not be dismissed under Rule 12(b)(6) unless it appears certain that the plaintiff cannot prove any set of

4

facts in support of his claim that would entitle him to relief.  *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir.1994).  The complaint, supporting memorandum and attachments thereto demonstrate that Mr. Forlander is not entitled to the relief he seeks in this action or alternatively, such relief would be meaningless even if granted in light of the facts revealed in the pleadings and Mr. Forlander's criminal judgment.

**C.    Adam Walsh Act and Forlander's Special Terms of Supervised Release**

The Adam Walsh Child Protection and Safety Act of 2006 ("the Act") significantly revised existing laws regarding sex offender registration, state notification of third-parties, and post-conviction supervision of sex offenders.  The Act obliged sex offenders to register consistent with new federal standards and also established registration and notification systems that comply with federal standards.  Further, Title I of the Act, Sex Offender Registration and Notification Act, provided a comprehensive set of uniform standards for sex offender registration that states must implement over the following years.

Significantly, Mr. Forlander does not challenge the validity of the Act nor does he challenge the application of the Act to him generally and consequently, he does not challenge his tier classification under the Act or the requirement that he comply with the notification requirements of the Act.  Mr. Forlander simply challenges the USPO's requirement that he register in jurisdictions in which he travels to conduct business as required by state and local sex offender registration requirements and he bases this challenge on the USPO's finding that he is employed in jurisdictions where he travels to conduct business.  The Government asserts that the USPO's definition or application of the term, "employed" is irrelevant to this analysis in that the plaintiff is required to comply with state and local law applicable to him regardless of the USPO's instruction to him to do so.

Mr. Forlander makes much ado of the USPO's interpretation of "employment" under the Act and he addresses the requirements of the Adam Walsh Act, yet he fails to address the special conditions of supervised release imposed by this Court.  Mr. Forlander completely ignores the Court's independent imposition of the special condition of his supervised release and requirement that he register as a sex offender in any State where he is employed or carries on a vocation - separate and apart from any requirement imposed by the Act.  Additionally, Mr. Forlander fails to address the special condition imposed by this Court that he comply with any local and state notification registration requirements which might apply to him.  (See, Exhibit A, Judgment in Criminal Case, p. 4).  Thus, the USPO's definition of the term, "employment", under the Act does not affect Mr. Forlander's obligation to comply with the special conditions of his probation or to abide by all local, state and federal laws.  Ultimately, whether or not Mr. Forlander is granted the requested relief in this action, he must still comply with notification and registration requirements of local, state and federal law.

A review of the June 12, 2007 correspondence from the USPO to Mr. Forlander (attached to the plaintiff's pleadings) demonstrates that the USPO requires the plaintiff to do nothing more than comply with local sex offender registration requirements.  Specifically, the probation officer writes,

> On each occasion of travel, authorities in the travel destination are contacted for information regarding state and local sex offender registration requirements.  Only seven (7) of the fifty (50) localities have required Mr. Forlander to report for registration.  Mr. Forlander will continue to be instructed to register, as applicable.  Should Mr. Forlander fail to register as required by various local, state, and federal laws, he will be in violation of his conditions of supervised release which will be reported to the Court.

(See, Exhibit B attached to the plaintiff's Memorandum in Support of the Complaint, doc. #1).  The probation officer has instructed Mr. Forlander to do nothing more than comply with various local, state and federal laws.  Certainly, Mr. Forlander does not request this Court enter a declaratory judgment or injunction to the effect that he need not comply with local, state and federal law without even challenging the validity of such laws.  However, in order to obtain the requested relief, this Court is required to give Mr. Forlander a pass with regard to compliance with any state or local notification and registration law applicable to him.

Additionally, in order to obtain the relief sought in this action, the Court is called upon to alter the sentence in 2003.  Otherwise, Mr. Forlander would continue to be required to comply with the special conditions set forth in the judgment and would still be required to register as a sex offender where he carries on a vocation and to comply with any local and state notification and registration requirements applicable to him irrespective of any requirement that the USPO imposes upon him.

Under the facts of this case as revealed in the pleadings filed by Mr. Forlander and as revealed in the judgment of conviction, Mr. Forlander simply cannot state a claim upon which the relief he requests in the instant action can be granted.

**D.     Subject Matter Jurisdiction**

This declaratory judgment action and action seeking injunctive relief is not an appropriate procedural vehicle to request amendment of a criminal sentence.  When a person files an action that implicitly challenges the sentence imposed upon him, the claim is properly construed as a *habeas corpus* claim.  *Edwards v. Balisok,* 520 U.S. 641 (1997).  In order to amend or alter a sentence imposed, the appropriate vehicle is a motion to vacate under 28 U.S.C. § 2255.  Additionally, the

court may modify the conditions of supervised release under 18 U.S.C. § 3583 after considering the factors set forth in the relevant provisions of 28 U.S.C. § 3353.  Mr. Forlander has filed a motion seeking modification (termination) which is pending before this court.

To the extent that this action is construed as an action filed pursuant to 28 U.S.C. § 2255, the court is without jurisdiction to consider such a motion as Mr. Forlander has already filed one motion under § 2255 and § 2255(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until the Fifth Circuit has granted a petitioner permission to file a successive petition.

To the extent that a person may seek modification of the special conditions of supervised relief under 18 U.S.C. § 3583, Mr. Forlander has filed a motion to terminate his term of supervised release early.  Should this Court consider the motion in accordance with  the factors set forth in § 3583, the Government requests the opportunity to respond to such request and the input from the USPO should also be sought.  It should be observed that although the early termination of Mr. Forlander's term of supervised relief would eliminate the USPO's actions in connection with notification and registration requirements, Mr. Forlander would still be required to comply with all local, state and federal notification and registration requirements.  For example, as a Tier I offender, Mr. Forlander will be required to comply with the reporting requirements of the Act for the applicable period of time regardless of when his term of supervised release terminates.

For the reasons discussed above, this action should be dismissed for lack of subject matter jurisdiction to the extent that the Court construes the action as a motion filed under 28 U.S.C. § 2255.  To the extent that this Court considers this action as a request to modify the terms of Mr. Forlander's supervised release, the Court should dismiss this action and defer the request to a ruling

on the Motion to Terminate Probation filed in the criminal proceeding, United States v. William Thomas Forlander, 05cr0071, and allow the Government an opportunity to respond to such motion with input from the USPO.

## V.  **Conclusion**

Because Mr. Forlander cannot state a cognizable claim upon which relief may be granted in this action, the Complaint for Declaratory Judgment and Motion for Preliminary and Permanent Injunction should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).  Further, this action should be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) due to this court's lack of subject matter jurisdiction to the extent that such action is construed as a motion challenging a criminal sentence under 28 U.S.C. § 2255.

Respectfully submitted,

DONALD W. WASHINGTON
United States Attorney

BY:    s/ Katherine W. Vincent_____
KATHERINE W. VINCENT (18717)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501-6832
Telephone: (337) 262-6618