UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

WILLIAM THOMAS FORLANDER          CIVIL ACTION NO.  07cv1135

VERSUS                            JUDGE HAIK

UNITED STATES OF AMERICA          MAGISTRATE JUDGE HILL

**OPPOSITION TO THE UNITED STATES MOTION TO DISMISS**

Table of Contents:

1.    Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

2.    Law and Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

      A.    Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

            1.    Standard for Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

            2.    This Court Has Subject Matter Jurisdiction  . . . . . . . . . . . . .  7

      B.    The Complaint States A Claim  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

            1.    Standard for Rule 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . .  10

            2.    The Complaint States a Valid Claim . . . . . . . . . . . . . . . . . . .  11

3.    Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

4.    Certificate of Service  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Table of Authorities

A.    Statutes

1.    28 U.S.C. § 1331  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2.    42 U.S.C. § 16901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1

3.   42 U.S.C. § 16911 ........................................... 3, 10

4.   42 U.S.C. § 16913 ............................................. 2

5.   42 U.S.C. § 16914 ............................................. 3

6.   42 U.S.C. § 16915 ............................................. 3

7.   42 U.S.C. § 16916 ............................................. 3

8.   F.R.C.P. 12(b)(1) .............................................. 5

9.   F.R.C.P. 12(b)(6) .............................................. 8

B.   Cases

1.   *Carlin Communications, Inc. v. Smith*, 1984 WL 330 (S.D.N.Y. 1984)   .  10

2.   *City of Houston v. Hill*, 482 U.S. 451 (1987)  ........................ 9

3.   *Conley v. Gibson,*355 U.S. 41 (1957) ............................. 10

4.   *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493 (5th Cir.
     1999) ....................................................... 7

5.   *Niagara Mohawk Power Corp. v. Tonawanda*
     *Band of Seneca Indians*, 84 F.3d 747 (2nd Cir. 1996) .................. 7

6.   *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001)  .............. 6

7.   *Steffel v. Thompson*, 415 U.S. 452 (1974) .......................... 10

8.   *United Artists Theatre Circuit, Inc. v. Federal Communications*
     *Comm'n*, 147 F. Supp. 2d 965 (D.Ariz. 2000) ........................ 7

NOW INTO COURT, through undersigned counsel, comes plaintiff, William Thomas Forlander, who hereby opposes the government's motion to dismiss his complaint for declaratory and injunctive relief for the following reasons:

## I.

## Facts

On November 19, 2002, Mr. Forlander entered into a plea agreement under which he pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  On April 16, 2003, Mr. Forlander was sentenced to a term of twenty-seven months of imprisonment, followed by a three year term of supervised release.

Mr. Forlander's supervised release commenced on May 27, 2005.  Mr. Forlander has been a model probationer since the commencement of his supervised release.

Subsequent to Mr. Forlander's release, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 ("the Act"), 42 U.S.C. § 16901, *et seq.* The Act organizes sex offenders into three tiers.  *See* 42 U.S.C. § 16911.  Pursuant to 42 U.S.C. 16911, Mr. Forlander is categorized as a Tier I sex offender, the lowest tier, and pursuant to 42 U.S.C. 16914, he is required to provide certain personal information for inclusion in the sex offender registry.

Mr. Forlander has provided the aforementioned required information. Additionally, pursuant to 42 U.S.C. §§ 16915 and 16916, Mr. Forlander is required

to update this information each year for ten years.  Also, 42 U.S.C. § 16913 states, in pertinent part:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. . . .
>
> . . . .
>
> (c)  Keeping the registration current
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.   That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

Section 16913 also provides that a criminal penalty shall be imposed for a violation of that section.

Mr. Forlander is the owner and president of Advance Products & Systems, Inc. ("APS"), a Louisiana corporation based in Lafayette, Louisiana.  APS is a leading manufacturer and distributor of water & wastewater, oil and gas, industrial, and mechanical pipeline products.

As president of APS, Mr. Forlander attends numerous trade shows per year in various cities across the United States.  Mr. Forlander also must travel to various cities across the United States for recruitment of new sales representatives and managers, sales training of these representatives and managers, technical sales presentations to engineering companies and

4

municipalities, sales calls on distributors, and for presenting national sales programs to the headquarters of major distribution companies.

Since passage of the Act, the United States Probation Office for the Western District of Louisiana ("the USPO") has required Mr. Forlander to register as a sex offender in many of the cities in which he travels. The USPO requires Mr. Forlander to register in person with the appropriate agency in many of these cities. The USPO informed Mr. Forlander that his failure to so register would be a violation of the terms of his supervised release and of the Act and would subject him to criminal penalties.

Mr. Forlander and his attorney requested on several occasions that the USPO cease requiring Mr. Forlander to register in the aforementioned cities pursuant to the Adam Walsh Act. However, the USPO has refused to do so.

Accordingly, on July 6, 2007, Mr. Forlander filed a Complaint for Declaratory Judgment and Motion for Preliminary and Permanent Injunction. *See* Docket Doc. 1. Mr. Forlander's complaint stated the aforementioned facts and noted that Mr. Forlander is not an employee, student, or resident in the cities which he visits for business purposes. The Complaint also noted the improper procedures that the USPO was utilizing in making Mr. Forlander register in each of the aforementioned jurisdictions.

Therefore, the Complaint requested that this Court declare that: (1) defendants' action of requiring Mr. Forlander to register in each jurisdiction in which he travels for business visits to be unlawful; (2) that Mr. Forlander is an employee in and resident of Lafayette, Louisiana for the purposes of 42 U.S.C. §

16901, *et seq.*; and that Mr. Forlander is not required to register in any jurisdiction in which he visits a city for short-term business visits.

The Complaint further requested that preliminary and permanent injunctions be issued enjoining defendant from requiring Mr. Forlander, pursuant to the Adam Walsh Act, to register in each jurisdiction in which he makes short-term business visits and in any jurisdiction in which he is not  an employee, resident, or student.

On September 11, 2007, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  The motion asserted that this Court lacked subject matter jurisdiction and that the Complaint failed to state a claim.  Both assertions were based on defendants' argument that Mr. Forlander is seeking to modify or amend his sentence.

For the following reasons, Mr. Forlander asserts that defendant's motion should be denied:

**II.**

**Law and Argument**

**A.    Subject Matter Jurisdiction**

**1.    Standard for Rule 12(b)(1)**

Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  *Ramming v. United States*, 281 F.3d 158, 160 (5th Cir. 2001).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint

supplemented by undisputed facts evidence in the record; or (3) the complaint

supplements by undisputed facts plus the court's resolution of disputed facts.  *Id.*

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party

asserting jurisdiction.  *Id.*  When a Rule 12(b)(1) motion is filed in conjunction

with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits.  *Id.* at 161.

Ultimately, a motion to dismiss for lack of subject matter jurisdiction

should be granted only if it appears certain that the plaintiff cannot prove any set

of facts in support of his claim that would entitle plaintiff to relief.  *Id.*

### 2.      This Court Has Subject Matter Jurisdiction

The Declaratory Judgment Act enables federal courts to grant a new form

of relief to qualifying litigants who want to ascertain their liability for action

already taken or presently contemplated.  *United Artists Theatre Circuit, Inc. v.*

*Federal Communications Comm'n*, 147 F. Supp. 2d 965, 971 (D.Ariz. 2000).  A

basis for subject matter jurisdiction must exist apart from the Declaratory

Judgment Act itself.  *Niagara Mohawk Power Corp. v. Tonawanda Band of*

*Seneca Indians,* 84 F.3d 747, 752 (2nd Cir. 1996).  To state a claim for declaratory

relief, a plaintiff must allege (i) facts showing the existence of an actual

controversy (ii) regarding a matter or claim that is otherwise within the court's

subject-matter jurisdiction.  *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187

F.3d 493, 510 - 511 (5th Cir. 1999).

As in this case, subject matter jurisdiction for purposes of a declaratory judgment action may be asserted when the issues arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331.

Defendant's argument that subject matter jurisdiction is lacking because Mr. Forlander may not challenge his 2003 sentence is misplaced.  Mr. Forlander is in no way challenging his 2003 sentence, nor is he requesting that this court amend his sentence in any way.  The Complaint also cannot be construed as a motion brought pursuant to 28 U.S.C. §2255.

The declaratory relief sought by the Complaint in no way asks this Court to modify Mr. Forlander's sentence.  Defendant's argument that it does is based upon this Court's imposition of special conditions of supervision.  Specifically, this Court's sentence stated:

Special Conditions of Supervision (SP)

1.      Pursuant to the DNA Analysis Backlog Elimination Act of 2000, the defendant shall cooperate in the collection of DNA as directed by the Probation Office.  The defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for supervision and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

. . . .

3.      The defendant is to comply with any local and state notification registration requirements which might apply to him.

*See* Exhibit A to Defendant's Motion to Dismiss, pp. 3 - 4.

To the extent defendant argues that this Court's sentence requires Mr. Forlander to register in any jurisdiction in which he resides, is employed, carries

on a vocation or is a student, the argument is misguided.  Mr. Forlander is not
requesting that this Court dispense with the requirement that he register in any
jurisdiction in which he is a resident or is employed.  Rather, the Complaint seeks
a declaration that Mr. Forlander is an employee in and resident of Lafayette,
Louisiana for the purposes of 42 U.S.C. § 16913 and that Mr. Forlander is not
required to register in other jurisdictions pursuant to the Act.[1]  Notably,
defendants argument, just like the USPO's, essentially asserts that Mr. Forlander
resides, is employed, or carries on a vocation in each city to which he travels for
business purposes.

      Also, the Complaint does not request that this Court dispense with the
requirement that he comply with any local and state notification registration
requirements which might apply to him.  Nor would the relief requested by the
Complaint lead to such a result.

      The Complaint alleges that the USPO has threatened to hold Mr. Forlander
in violation of the Adam Walsh Act, and thus his probation, if he does not register
in certain jurisdictions.  Mr. Forlander also faces and has been threatened with
criminal prosecution.  Accordingly, this case satisfies the actual case or
controversy requirement of 28 U.S.C. § 2201(a) and Article III of the
Constitution.  *See, e.g. City of Houston v. Hill*, 482 U.S. 451, 459 (1987) (stating
that the plaintiff had standing to seek declaratory and injunctive relief where a

---

[1]     Obviously, such a declaration would also mean that Mr. Forlander is a
resident and employee in Lafayette for the purposes of the Court's sentence.

genuine threat existed that he would be prosecuted under an overbroad statute);

*Steffel v. Thompson*, 415 U.S. 452, 458 - 559 (1974) (holding that the petitioner

presented an actual controversy within the meaning of Article III and the

Declaratory Judgment Act where the threat of prosecution was not imaginary or

speculative); *Carlin Communications, Inc. v. Smith*, 1984 WL 330 (S.D.N.Y.

1984) (finding that the plaintiffs asserting a violation of First Amendment rights

did not need to wait until they were subjected to criminal prosecution before

challenging the statute at issue).  Furthermore, the requirements imposed by the

USPO are causing Mr. Forlander expense, time, and inconvenience.          Based

on the foregoing, under the applicable 12(b)(1) standard, this Court should deny

defendant's motion to dismiss for lack of subject matter jurisdiction.

**B.     The Complaint States A Claim**

**1.     Standard for Rule 12(b)(6)**

Motions to dismiss for failure to state a claim are appropriate when a

defendant attacks the complaint because it fails to state a legally cognizable claim.

*Id.* at 161.  Fed. R. Civ. P. 12(b)(6).  A complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.  *Id.* at 161

(citing *Conley v. Gibson*, 355 U.S. 41, 45 - 46 (1957).  Further the plaintiff's

complaint is to be construed in a light most favorable to the plaintiff, and the

allegations contained therein are to be taken as true.  *Id.*  This is consistent with

the policy that the plaintiff be given every opportunity to state a claim.  *Id.*

In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 162.  Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Id.* at 162.

### 2.    The Complaint States a Valid Claim

Defendant asserts that the USPO's definition or application of the term "employed" is irrelevant to the Rule 12(b)(6) motion because Mr. Forlander is required to comply with state and local law applicable to him regardless of the USPO's instruction to him to do so.  Defendant also argues that the probation officer has instructed Mr. Forlander "do to nothing more than comply with various local, state and federal laws."

Defendant's arguments ignore the aforementioned law and the facts stated in the Complaint.  In fact, defendants allegations contradict what is clearly stated in the complaint.  The facts in the Complaint must be accepted as true for the purposes of the 12(b)(6) motion.  The Complaint did not assert that the USPO was only requiring Mr. Forlander to register where required by local or state law.

Additionally, defendant cites the June 12, 2007 letter from the USPO to Mr. Forlander in support of their assertions.  However, defendant quotes only part of the letter.  The letter states:

> The *Adam Walsh Child Protection and Safety Act of 2006,*
> . . . requires an offender to register in each jurisdiction where the
> offender resides, works, and attends school.  It is my understanding

that Mr. Forlander's need to travel is employment related, and not recreational in nature.  Therefore, he is, in fact, employed in each travel destination.

*See* Exhibit A to the Complaint.

Clearly, the USPO has unequivocally asserted that Mr. Forlander, pursuant to the Adam Walsh Act, is employed in each jurisdiction where he travels on business.  The USPO has also adamantly and clearly asserted its belief that Mr. Forlander is required to register, pursuant to the Adam Walsh Act, in each such jurisdiction.

The Complaint noted that 42 U.S.C. § 16913 requires an offender to register in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.  Clearly, it is not the intent of § 16913 to require those who are visiting a city on a short-term basis for business purposes to register as a sex offender in such jurisdictions.  Mr. Forlander is not "an employee" in those jurisdictions and does not "reside" in those jurisdictions.

In fact, 42 U.S.C. § 16911 (12) clearly states that, "[t]he term 'employee' includes an individual who is self-employed or works for any other entity, whether compensated or not."  Section 16911 (13) states that, "[t]he term 'resides' means, with respect to an individual, the location of the individual's home or other place where the individual habitually lives."

Accordingly, the declarations requested by the Complaint are clearly supported by the foregoing law.  Therefore, the Complaint states a valid claim.

Defendants' arguments regarding the special conditions of supervision imposed by this Court in support of its 12(b)(6) motion are again misplaced.  This

Court required Mr. Forlander to comply with any local and state notification

registration requirements which *might* apply to him.  However, whatever local

and state registration requirements may require of Mr. Forlander in regards to

registration is not at issue in the Complaint.  Nor does Mr. Forlander request that

this Court somehow modify that requirement or dispense with it.  Rather, the

Complaint deals solely with the Adam Walsh Act, USPO's interpretation of it, and

the USPO's enforcement of the Act as to Mr. Forlander.

### III.

### Conclusion

Based on the foregoing, defendants motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(1) and (6) should be denied.


Respectfully submitted,

HYMEL DAVIS & PETERSEN, L.L.C.

s/Michael Reese Davis
L. J. Hymel (Bar # 07137)
Michael Reese Davis (Bar #17529)
Tim P. Hartdegen (Bar # 27496)
10602 Coursey Boulevard
Baton Rouge, LA  70816
Telephone: (225) 298-8118
Fax:   (225) 298-8119

Counsel for petitioner, William
Thomas Forlander

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2007, a copy of the foregoing

Opposition to the United States Motion to Dismiss was electronically filed with

the Clerk of Court using the CM/ECF system.  Notice of this filing will also be

sent to Katherine W. Vincent by operation of the court's electronic filing system.

s/Michael Reese Davis
Michael Reese Davis (Bar #17529)
Hymel Davis & Petersen, LLC
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
mdavis@hymeldavis.com
